VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-CC-00018

| | |
|---|---|
| Agency of Natural Resources, Petitioner<br><br>v.<br><br>Myers Container Service Corporation, Respondent | DECISION ON THE MERITS and JUDGMENT ORDER |

Before the Court is the Agency of Natural Resources civil citation 21-CC-00018 against Myers Container Service Corporation (Respondent).  The Agency of Natural Resources (ANR) issued citation 21-CC-00018 on December 14, 2021 for the alleged violation of Hauler #364 – Solid Waste Transporter Permit – Condition #9.  More specifically, the citation alleged that Respondent's container truck released solid waste during transport on Route 2 in East Montpelier.  The Court held a hearing on March 21, 2022 using the WebEx remote platform.  As summarized below, ANR and Respondent offered witness testimony and exhibits relating to the citation.

After the parties had a full opportunity to present evidence, the Court took a brief recess to review the evidence, conduct legal research, and deliberate.  The Court then reconvened the hearing and announced that it would have to take the matter under advisement and issue a written decision specifying its Findings of Fact, Conclusions of Law, and Order.

### Findings of Fact

1. Mia Roethlein is an Environmental Analyst with the Vermont Agency of Natural Resources, Department of Environmental Conservation, Waste Management Division.
2. Ms. Roethlein testified that on July 19, 2021, at 2:19 PM, she observed one of Respondent's two-door packer trucks traveling on Route 2 near the intersection of

Route 14 with seven or eight pieces of clear, black, and white plastic material trailing behind the truck.

3. On cross-examination, Ms. Roethlein specified that she did not see this material exit the truck, but that it was fluttering immediately at the rear of the truck.
4. ANR testified, through Solid Waste Compliance Specialist Barbara Schwendtner, that it conducted an investigation of the incident and that the investigation showed that one of Respondent's trucks was in the area of the incident and that this truck delivered both trash and recycling to the Central Vermont Transfer Station, located approximately 2.7 miles from the incident location around 2:00PM in the afternoon on July 19, 2021.
5. Condition 9 of Respondent's Solid Water Transporter Permit requires that its trucks fully retain and prevent release of solid wastes.

## Conclusions of Law

The Court concludes that ANR has failed to meet its burden to prove the alleged violation by a preponderance of the evidence. *See* 10 V.S.A. § 8013(a) ("The agency issuing the order shall have the burden of proof by a preponderance of the evidence."). Considering ANR's evidence in total, it is possible that the Meyers truck released materials into the environment. If proved, such a release would be a violation of Respondent's Solid Waste Transporter Permit. Ms. Roethlein's admission under cross-examination that she did not actually observe the plastic objects exiting the truck, however, raises the possibility that the materials were present in the incident location independently of Respondent's truck, and that Respondent's truck's passing caused the materials to flutter about near the rear of the truck.

We conclude that on the evidence presented, either scenario is equally plausible. ANR's burden of a preponderance of the evidence requires a showing of greater than 50 percent likelihood that the material came out of the Meyers truck. Relation v. Vt. Parole Bd., 163 Vt. 534, 541 (1995) (Morse, J., dissenting) ("[P]reponderance-of-the-evidence . . . means that the evidence supports one outcome more than another."). Our conclusion that the evidence establishes only a 50 percent likelihood of a violation results in ANR failing to meet the burden of proof. For this reason, we **REVERSE** the citation.

Finding that a violation has not occurred, the Court need not determine the amount of a penalty that should be assessed against a party who has challenged the ANR order. 10 V.S.A. § 8012(b)(1).

## Judgment Order

Based upon ANR's failure to meet its Burden of Proof as outlined above, we **REVERSE** the citation.

This completes the current proceedings before this Court.

Electronically Signed: 5/25/2022 9:07 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division